IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DORIS POLANSKY, an adult individual; )
and TIMOTHY POLANSKY, her husband, )
                  Plaintiffs, )
                                    )
     vs.                           )       Civil Action No. 13-296
                                    )
                                    )       Judge Terrence F. McVerry/
VAIL HOMES, LLC, a Maryland       )       Chief Magistrate Judge Maureen P. Kelly
limited liability Company, and        )
MOUNTAINEER LOG AND SIDING   )
COMPANY, INC., a Maryland Corporation;)
CHRISTOPHER MEERSCHAERT;      )
TIMOTHY MEERSCHAERT,             )
                         Defendants. )       Re: ECF No. 79
                                    )
MOUNTAINEER LOG AND SIDING   )
COMPANY, INC. *a Maryland corporation,* )
          Cross-Claim Plaintiff,     )
                                    )
     vs.                           )
                                    )
VAIL HOMES, LLC,                 )
          Cross-Claim Defendant.    )

**REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

     Pending before the Court is the "Motion for Partial Dismissal of Plaintiffs' Third Amended Complaint or, in the Alternative, Motion for Summary Judgment," (ECF No. 79) filed on behalf of Defendant Mountaineer Log and Siding Company, Inc. For the following reasons, it is respectfully recommended that the motion be GRANTED IN PART AND DENIED IN PART.

## II. REPORT

### A. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs Doris and Timothy Polansky, husband and wife, commenced this action with a Complaint seeking damages arising out of the construction of a home designed by Defendant Mountaineer Log and Siding Company, Inc. ("Mountaineer") and built by Defendant Vail Homes LLC ("Vail Homes"). Plaintiffs allege that as a result of Mountaineer's defective design and Vail Homes' shoddy construction, water was caused to dangerously pool on an improperly sloped rear deck providing ingress and egress to the home. Plaintiffs allege that inevitably, these conditions created a hazard, resulting in Doris Polansky's serious injury in a fall from the deck.

With relevance to the pending Motion to Dismiss, Plaintiffs, in the Third Amended Complaint, allege three causes of action against Mountaineer for Negligence (Count III), Loss of Consortium (Count IV), and violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law (Count VIII).

Plaintiffs' claim under the Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa.C.S. §§ 201, *et seq.*, is predicated upon Mountaineer's alleged misrepresentations through its agent and/or employee Jack Barnhardt, relating to the competency, experience and/or workmanship of Vail Homes, as well as representations disparaging the competency, experience and workmanship of the builder that Plaintiffs originally intended to use, Robert Metz. (Third Amended Complaint at ¶¶ 75-84).

Plaintiffs allege that these representations and statements were made to induce Plaintiffs to use Vail Homes, as part of a scheme by which Mountaineer's agent, Jack Barnhardt, could collect a "referral fee" from Vail Homes. Plaintiffs allege that in reliance upon the

misrepresentations and as a direct result of this "fraudulent and/or deceptive" conduct, they suffered damages by selecting Vail Homes as their builder.

In the Motion to Dismiss, Mountaineer challenges Plaintiffs' reliance upon the alleged representations, pointing to the express language of the Purchase Contract entered into between Mountaineer and Plaintiffs. The General Terms and Conditions of the Purchase Contract specifically provide, in pertinent part:

> 10. This agreement is a "materials only" package. It does not include labor, construction, foundation work and/or finishing work. The Purchaser understands and agrees that the investigation and selection of the builder(s) and/or construction contractor(s) is solely the decision of the Purchaser. Notwithstanding any oral and/or written representation to the contrary, Mountaineer does not recommend any particular builder(s), contractor(s) or sub-contractor(s), nor should any oral or written representation by Mountaineer relating to the competency, experience and/or workmanship of any builder, contractor and/or sub-contractor be relied upon by the Purchaser in the selection of a builder and/or contractor. It is further understood and agreed that any Builders List provided by Mountaineer and/or any other oral or written opinion and/or statement by Mountaineer relating to any builder and/or contractor is provided by Mountaineer solely as a courtesy to Purchaser and should not be relied upon by Purchaser.
>
> 11. The Purchase Contract, any attachments and/or riders thereto and these General Terms and Conditions together constitute the entire understanding of the parties hereto and are intended to supersede all prior agreements, understandings and representations, written or oral, with respect thereto. This agreement shall not be amended, altered or changed except by a written agreement signed by the parties thereto.

Mountaineer contends that in light of the express provisions of the Purchase Contract, Plaintiffs cannot prove justifiable reliance upon its alleged wrongful conduct as required for a UTPCPL claim. Accordingly, Mountaineer seeks the dismissal of the UTPCPL claim (Count VIII) of Plaintiffs' Third Amended Complaint.

## B. STANDARD OF REVIEW

In assessing the sufficiency of the complaint pursuant to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all material allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008). The Court, however, need not accept bald assertions or inferences drawn by the plaintiff if they are unsupported by the facts set forth in the complaint. See California Public Employees' Retirement System v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004), citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id., citing Papasan v. Allain, 478 U.S. 265, 286 (1986). Indeed, the United States Supreme Court has held that a complaint is properly dismissed under Fed. R. Civ. P. 12(b)(6) where it does not allege "enough facts to state a claim to relief that is plausible on its face," id. at 570, or where the factual content does not allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 513 U.S. 662, 678 (2009). See Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (finding that, under Twombly, "labels and conclusions, and a formulaic recitation of the elements of a cause of action" do not suffice but, rather, the complaint "must allege facts suggestive of [the proscribed] conduct" and that are sufficient "to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s] of his claim"). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has

acted unlawfully." Iqbal, 556 U.S. at 677. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 679.

While Mountaineer has framed its motion as one seeking dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, in the alternative, it also moves for summary judgment pursuant to Rule 56. When a party moves to dismiss, and "matters outside the pleadings are presented to and not excluded by the court, the motions shall be treated as one for summary judgment and disposed of as provided in Rule 56." Fed. R. Civ .P. 12(d).

In this instance, Mountaineer relies upon the four corners of the contract entered into by the parties. Such reliance does not require the conversion of its Motion to Dismiss into a Motion for Summary Judgment. The law is clear that in considering a Motion to Dismiss, the Court is not limited to evaluating the complaint alone; it can also consider documents attached to the complaint, matters of public record, indisputably authentic documents, Delaware Nation v. Pennsylvania, 446 F.3d 410, 413 n. 2 (3d Cir. 2006), documents that form the basis of a claim, Lum v. Bank of America, 361 F.3d 217, 221 n. 3 (3d Cir. 2004) (*abrogation on other grounds recognized by* In re Insurance Brokerage Antitrust Litigation, 618 F.3d 300, 323 n.22 (3d Cir. 2010)), and "documents whose contents are alleged in the complaint and whose authenticity no party questions," even though they "are not physically attached to the pleading...." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002).

In responding to Mountaineer's Motion to Dismiss, Plaintiffs have submitted affidavits filed on their behalf concerning additional misrepresentations by Mountaineer's agent and/or

employee *after* the Purchase Contract was executed. Plaintiffs therefore appear to invite the Court to treat the pending motion as a motion for summary judgment.

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment shall be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007); UPMC Health System v. Metropolitan Life Ins. Co., 391 F.3d 497, 502 (3d Cir. 2004).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322. See also Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001). The non-moving party "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue." Garcia v. Kimmell, 2010 WL 2089639 *1 (3d Cir. 2010) quoting Podobnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir. 2005).

When considering a motion for summary judgment, the Court is not permitted to weigh the evidence or to make credibility determinations, but is limited to deciding whether there are any disputed issues and, if there are, whether they are both genuine and material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The court must consider the evidence, and all

6

reasonable inferences which may be drawn from it, in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## C. DISCUSSION

The UTPCPL seeks to prevent "[u]nfair methods of competition and unfair or deceptive practices in the conduct of any trade or commerce…." 73 P.S. § 201-3. The statute prohibits, in a catchall provision, "fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding" in the conduct of trade or commerce. 73 Pa. Stat. § 201–2(4)(xxi). The UTPCPL applies to residential real estate transactions, and creates a private right of action for "[a]ny person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal," as a result of deceptive representations. Growall v. Maietta, 931 A.2d 667, 676 (Pa. Super. 2007), *appeal denied*, 951 A.2d 1164 (Pa. 2008), 73 Pa.C.S. §§ 201-2, 201-9.2(a). "[T]he UTPCPL is to be liberally construed to effectuate its objective of protecting the consumers of this Commonwealth from fraud and unfair or deceptive business practices." Ash v. Cont'l Ins. Co., 932 A.2d 877, 881 (Pa. 2007); Benner v. Bank of Am., N.A., 917 F. Supp. 2d 338, 359-60 (E.D. Pa. 2013).

To state a claim under the UTPCPL, Plaintiffs must allege facts that would prove: (1) Mountaineer, through its agent Barnhardt, made a misrepresentation or engaged in deceptive conduct, likely to deceive a consumer acting reasonably under similar circumstances, (2) Plaintiffs justifiably relied on the misrepresentation or deceptive conduct, and (3) Plaintiffs were damaged by their justifiable reliance on the alleged misrepresentation or deceptive conduct. Ries v. Curtis, No. 13-1400, 2013 WL 3196429 (E.D. Pa. June 25, 2013) (citing, Sacks v. DJA Auto,

7

2013 WL 210248 (E.D. Pa. Jan. 19, 2013), and Seldon v. Home Loan Servs., 647 F. Supp.2d 451, 470 (E.D. Pa. 2009)).

Where, as here, Plaintiffs allege deceptive conduct under the UTPCPL's catchall provision, justifiable reliance must be sufficiently alleged to state a claim. See Hunt v. U.S. Tobacco Co., 538 F.3d 217, 224 (3d Cir. 2008) (concluding that "plaintiffs alleging deceptive conduct under the ... catchall provision must allege justifiable reliance"). In other words, Plaintiffs must allege that knowledge of the deceptive conduct "would have changed [Plaintiffs'] conduct." Id. at 227.

Mountaineer contends as a result of the "integration clause" contained in Paragraph 11 of the Purchase Contract, as well as the explicit disclaimer as to builder recommendations set forth in Paragraph 10 of the agreement's "General Terms and Conditions," Plaintiffs cannot establish justifiable reliance and therefore cannot state a claim under the UTPCPL. The integration clause expressly disclaims any "prior agreements, understandings, representations, written or oral" in connection with Plaintiffs' purchase of a Mountaineer log cabin home. Mountaineer argues that through this clause, Plaintiffs have explicitly disclaimed reliance on any statements made with regard to the qualifications and competency of any builder and, therefore, cannot establish justifiable reliance to support a UTPCPL claim.

Plaintiffs respond, arguing that because the representations at issue were made before *and after* entering into the Purchase Contract, and were intentionally and affirmatively false in furtherance of a scheme to earn an undisclosed referral fee, Mountaineer has waived or is equitably estopped from asserting either the integration clause or the disclaimer as to builder recommendations as defenses to their UTPCPL claim. (ECF Nos. 82, 83 and 92).

8

### 1. UTPCPL and the Parol Evidence Rule/Integration Clause

The Pennsylvania Supreme Court has held that to state a cause of action under the UTPCPL, a plaintiff must show that he justifiably relied on the defendant's wrongful conduct or misrepresentations, and that he suffered harm as a result of that reliance. Yocca v. Pittsburgh Steelers Sports, Inc. 854 A.2d 425, 438-439 (Pa. y2004). However, the Pennsylvania Supreme Court limited the scope of a plaintiff's alleged justifiable reliance through its acknowledgment that the parol evidence rule remains applicable to consumer contracts.

The parol evidence rule provides that "'[w]here the parties, without any fraud or mistake, have deliberately put their engagements in writing, the law declares the writing to be not only the best, but the only, evidence of their agreement. All preliminary negotiations, conversations and verbal agreements are merged in and superseded by the subsequent written contract ... and unless fraud, accident or mistake be averred, the writing constitutes the agreement between the parties, and its terms and agreements cannot be added to nor subtracted from by parol evidence.'" Id., 854 A.2d at 436 (quoting Gianni v. Russell & Co., 281 Pa. 320, 126 A. 791, 792 (1924) (citations omitted)).

The Pennsylvania Supreme Court then explained, "for the parol evidence rule to apply, there must be a writing that represents the 'entire contract between the parties.' Gianni, 126 A. at 792. To determine whether or not a writing is the parties' entire contract, the writing must be looked at and 'if it appears to be a contract complete within itself, couched in such terms as import a complete legal obligation without any uncertainty as to the object or extent of the [parties'] engagement, it is conclusively presumed that [the writing represents] the whole engagement of the parties....' Id. An integration clause which states that a writing is meant to

represent the parties' entire agreement is also a clear sign that the writing is meant to be just that and thereby expresses all of the parties' negotiations, conversations, and agreements made prior to its execution." Id. "Once a writing is determined to be the parties' entire contract, the parol evidence rule applies and evidence of any previous oral or written negotiations or agreements involving the same subject matter as the contract is almost always inadmissible to explain or vary the terms of the contract." Id.

There are a limited number of exceptions to the parol evidence rule, for fraud and mistake. However, the Pennsylvania Supreme Court has unequivocally stated that fraud in the inducement is not an exception permitting the admissibility of parol evidence.

Parol evidence is inadmissible based on a claim of fraud in the inducement of the contract, i.e., that an opposing party made false representations that induced the complaining party to agree to the contract." Id. at 437 n.26. In other words, "'a party cannot justifiably rely upon prior oral representations, yet sign a contract denying the existence of those representations.'" Diodato v. Wells Fargo Ins. Servs., USA, Inc., No. 12-CV-2454, 2014 WL 4411591 (M.D. Pa. Sept. 8, 2014)(quoting 1726 Cherry St. P'ship v. Bell Atl. Props., 653 A.2d 663, 666 (Pa. Super. Ct. 1995), and McGuire v. Schneider, Inc., 534 A.2d 115, 119 (Pa. Super. Ct.1987)). Holding otherwise would allow the "parol evidence rule [to] become a mockery, because all a party to the written contract would have to avoid, modify or nullify it would be to aver (and prove) that the false representations were fraudulently made." Id. (quoting Rahemtulla v. Hassam, 539 F.Supp.2d 755, 773 (M.D. Pa., 2008)).

Parol evidence *is* admissible, however, when a party alleges fraud in the execution, that is, that a previously agreed upon term was omitted from the final contract "because of fraud,

accident, or mistake." Yocca, 854 A.2d at 437. See also, Toy v. Metropolitan Life Ins. Co., 928 A.2d 186, 206-207 (Pa. 2007)(parol evidence rule does not apply when fraud in the execution alleged; fraud in the execution occurs when a party alleges he was mistaken as to the terms and the actual contents of the agreement he executed due to the other's fraud).

Here, with regard to statements made prior to entering into the Purchase Contract, Plaintiffs do not allege fraud in the execution but, rather, fraud in the inducement. (Third Amended Complaint, ECF No. 76, ¶ 74). Further, the alleged fraud is predicated entirely on a subject addressed by the express terms of the Purchase Contract. Given the presence of an integration clause in the Purchase Contract as well as the explicit disclaimer of recommendations as to the competency of any builder, it is apparent that the Plaintiffs cannot establish that they justifiably relied upon the representations made prior to entering into the contract by Mountaineer's agent. Accordingly, Plaintiffs cannot state a claim under the UTPCPL for statements made by Mountaineer regarding the quality of Vail Homes *prior* to entering into the Purchase Contract.

### 2. Post-Contractual Representations

In response to Mountaineer's contention that the explicit terms of the Purchase Contract render reliance on statements regarding builder competency unjustified, Plaintiffs allege that additional statements were made *after* the Purchase Contract was entered into and, as such, the parol evidence rule does not apply to preclude a finding of justifiable reliance to support a UTPCPL claim. Alternatively, Plaintiffs argue that post-contract statements constitute an estoppel or waiver of Mountaineer's rights under the integration clause and disclaimer set forth in the Purchase Contract.

Plaintiffs have submitted affidavits in opposition to the pending Motion to Dismiss/Motion for Summary Judgment which indicate that *after* entering into the underlying Purchase Contract, they informed Barnhardt that they selected a builder, Robert Metz, to construct the home. Barnhardt allegedly informed Plaintiffs that "Metz did not have adequate experience, skill, or knowledge to properly construct [the] log cabin home and again recommended [that Plaintiffs] use Vail." (ECF No. 82-1). Later, Barnhardt took Plaintiffs to "various high quality log cabin homes and represented … that Vail had built these log cabin homes. During this meeting, Barnhardt represented… that Vail had the skill, experience, and knowledge to build [their] log cabin home, using the log cabin homes Barnhardt was showing to us as examples of Vail's competence and ability." Id.[1] Based upon these representations, Plaintiffs chose Vail Homes. Plaintiffs also allege Vail Homes paid Barnhardt a referral fee in the event Vail was selected as a builder.

These statements, if believed by a fact-finder, are not limited by the parol evidence rule and render the Purchase Contract disclaimer potentially subject to the defenses of waiver and estoppel. See, e.g., Leitner v. Allstate Ins. Co., No. 11-7377, 2014 WL 3408385 (E.D. Pa. July 11, 2014) (even a valid contractual limitation is subject to the defenses of waiver and estoppel, which must be supported by a sufficient factual basis).

Pennsylvania courts have defined waiver as "a voluntary and intentional abandonment or relinquishment of a known right" that may be established by "a party's express declaration or by a party's undisputed acts or language so inconsistent with a purpose to stand on the contract provisions as to leave no opportunity for a reasonable inference to the contrary." Leitner v.

---

[1] Plaintiffs allege that they later learned that the homes that they were shown by Barnhardt and that he represented to have been built by Vail Homes, were, in fact, not built by Vail Homes.

Allstate Ins. Co., 2014 WL 3408385 * 4 (quoting Samuel J. Marranca General Contracting Co., Inc. v. Amerimar Cherry Hill Assocs. Ltd. P'ship, 610 A.2d 499, 501 (Pa. Super. Ct. 1992) (citation omitted); Prime Medica Assocs. v. Valley Forge Ins. Co., 970 A.2d 1149, 1156 (Pa. Super. Ct. 2009)). Additionally, equitable estoppel is defined as:

> a doctrine that prevents one from doing an act differently than the manner in which another was induced by word or deed to expect. A doctrine sounding in equity, equitable estoppel recognizes that an informal promise implied by one's words, deeds or representations which leads another to rely justifiably thereon to his own injury or detriment may be enforced in equity.

Prime Medica Assocs., 970 A.2d at 1157 (citing Kreutzer v. Monterey Cnty. Herald Co., 747 A.2d 358, 361 (Pa. 2000)). Estoppel requires the presence of two elements: (1) inducement to act; and (2) justifiable reliance on that inducement. See, e.g., Kreutzer, 747 A.2d at 362; Havas v. Temple University of the Commonwealth System of Higher Educ., 516 A.2d 17, 18 (Pa. Super. Ct. 1986). "The burden rests upon the party asserting estoppel to establish the elements thereof by evidence which is clear, precise, and unequivocal ... mere silence or inaction is not a ground for estoppel unless there is a duty to speak or act." Farmers Trust Co. v. Bomberger, 523 A.2d 790, 793–94 (Pa. Super. Ct.1987) (citations omitted); Prime Medica Assocs., 970 A.2d at 1157 (citations omitted).

In this case, and at this early juncture, given the issues of fact that appear of record in support and in opposition to Mountaineer's motion, it is premature to determine whether Mountaineer's affirmative representations and conduct, through its agent/employee Barnhardt, constitute a waiver of the disclaimer set forth in the Purchase Contract, such that Plaintiffs could have justifiably relied upon the representations and suffered damages as alleged in the Third Amended Complaint. Accordingly, it is recommended that the Motion to Dismiss or, in the

Alternative, Motion for Summary Judgment, be denied as it relates to representations made by Mountaineer *after* the Purchase Contract was executed.

D.     CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Motion for Partial Dismissal of Plaintiffs' Third Amended Complaint or, in the Alternative, Motion for Summary Judgment [ECF No. 79 ] be GRANTED IN PART AND DENIED IN PART. The motion should be granted as to Plaintiffs' claims under the UTPCPL for statements made by Mountaineer regarding Vail Homes *prior* to the execution of the Purchase Contract. However, the motion should be denied as it relates to Plaintiffs' claim under the UTPCPL for statements and representations made by Mountaineer *after* the Purchase Contract was executed.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193

n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Respectfully submitted,

/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

Dated: October 27, 2014

cc: The Honorable Terrence F. McVerry
United States District Judge

All counsel of record by Notice of Electronic Filing